Gautier, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un contrato de compraventa.

No. 286.—Resuelto en enero 18, 1917.

Hipoteca—Obligación Principal—Objeto del Contrato de Hipoteca.—El contrato de hipoteca es el que se constituye para asegurar y garantizar el cumplimiento de una obligación principal de acuerdo con el artículo 1758 del Código Civil, careciendo de objeto el contrato cuando la obligación no subsiste.

Id.—Compraventa—Sociedad de Gananciales—Presunción de Bienes Ganan- ciales—Consentimiento de la Mujer.—Siendo un principio bien establecido de jurisprudencia que sólo el dueño de la cosa o propiedad puede hipotecarla, adquirido un inmueble por el marido a título de compra y presumiéndose que lo hace para la sociedad conyugal, no puede, aun cuando lo haga en el mismo acto, hipotecarlo a favor del vendedor por el precio de venta aplazado, sin antes mediar el consentimiento expreso de la mujer según lo exige el artículo 1328 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José C. Ramos.*

El registrador recurrido, Sr. Raúl Benedicto, compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este recurso sólo se trata de la cuestión de si un marido puede sin el consentimiento de su esposa, al comprar una propiedad inmueble, hipotecar dicha propiedad a favor del vendedor por el precio de venta aplazado. Santiago F. Lorenzi y su esposa, por escritura pública de fecha junio 22, 1911, vendieron a Domingo Agostini varias fincas, estando una de ellas situada en Guayama y las demás en Humacao. El precio estipulado fué la suma de $4,500. El comprador pagó $500 de contado, y los $4,000 necesarios para completar el precio de la venta, convino dicho comprador en pagarlos en ocho plazos de $500 cada uno. Para garantizar el fiel cumplimiento de esta obligación de pagar, el referido comprador constituyó en la misma escritura, hipoteca sobre la propiedad que le fué vendida. Un cesionario de los vendedores presentó la escritura de hipoteca al registrador de Humacao quien se negó a verificar su inscripción por el fundamento de que la propiedad que trataba de hipotecarse pertenecía a los bienes conyugales, y por tanto que era necesario el consentimiento de la esposa.

Sostiene en substancia el apelante que parte de la consideración o causa para la venta de la propiedad fué la garantía hipotecaria dada por el deudor. Insiste en que el contrato es uno solo y que la venta y la hipoteca dependen

una de la otra y que ninguna puede existir sin la otra. En otras palabras, que para que exista la venta la hipoteca tiene a su vez que ser válida.

La cuestión que ha de ser considerada es lo que realmente tuvo lugar. Hubo un precio de una parte y un traspaso de la otra. El contrato de compraventa era $500 de contado y $4,000 que luego habían de pagarse, con lo cual quedó perfeccionado el contrato. La hipoteca fué en este caso como lo es siempre, un contrato en garantía del cumplimiento de una obligación principal, y sin dicha obligación ningún contrato de hipoteca puede subsistir. Artículo 1758 del Código Civil; artículo 1857 del Código Civil español; y véanse los Comentarios de Manresa, tomo 12, páginas 382 y siguientes; 150 y siguientes, sobre dicho artículo. Como sugiere Manresa, el contrato de hipoteca carecería de objeto sin existir otra obligación principal cuyo cumplimiento asegure y garantice. Puesto que la existencia del contrato principal de compraventa supone necesariamente un traspaso, el título a la propiedad pasó del anterior dueño al comprador. Como este comprador era un hombre casado, tenía que presumirse que compraba a nombre de la sociedad conyugal. Además, es un principio bien establecido de jurisprudencia referente a las hipotecas, que sólo el dueño de la cosa o propiedad puede hipotecarla. El dueño, como hemos visto, era la sociedad conyugal, y el registrador estaba obligado a observar los preceptos del artículo 1328 del Código Civil, según el cual el consentimiento de la esposa es un requisito previo indispensable. Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.