EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Westernbank Puerto Rico<br><br>Recurrente<br><br>v.<br><br>Hon. Gloriana Ruiz Jiménez<br>Registradora de la Propiedad<br>Del Estado Libre Asociado de<br>Puerto Rico, Sección de Humacao<br><br>Recurrida | Certiorari<br><br>2007 TSPR 160<br><br>172 DPR _____ |

Número del Caso: RG-2005-1
                 RG-2005-2


Fecha: 24 de agosto de 2007


Abogados de la Parte Recurrente:

                    Lcdo. Francisco J. Biaggi Landrón
                    Lcdo. José M. Biaggi Landrón

Abogada de la Parte Recurrida:

                    Por Derecho Propio


Materia: Recurso Gubernativo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Westernbank Puerto Rico

    Recurrente

        v.

Hon. Gloriana Ruiz Jiménez
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de Humacao

    Recurrida

|  |  |  |
|---|---|---|
| RG-2005-1 | Recurso |
| RG-2005-2 | Gubernativo |

SENTENCIA

San Juan, Puerto Rico, a 24 de agosto de 2007.

Westernbank de Puerto Rico (en adelante, Westernbank) recurre ante nos de una determinación emitida por la Hon. Gloriana Ruiz Jiménez, Registradora de la Propiedad de Humacao (en adelante, la Registradora), denegando inscribir dos escrituras sobre "Hipoteca en Garantía de Pagaré con Vigencia Extendida" por entender que las mismas adolecían de claridad al tener la hipoteca dos fechas de vencimiento.

I.

Westernbank presentó en el Registro de la Propiedad de Humacao, para la correspondiente inscripción, dos escrituras suscritas a su favor

sobre "Hipoteca en Garantía de Pagaré con Vigencia Extendida".[1] Los pagarés garantizados por las referidas escrituras constan emitidos a la orden de Westernbank.

La Registradora, ejerciendo su facultad de calificación, se negó a inscribir ambas escrituras con el fundamento de que "adolecían de claridad por tener la hipoteca dos fechas de vencimiento". Apoyó su negativa a inscribir en las siguientes cláusulas:

Escritura Núm. 377

>    ---PRIMERO: En este acto el deudor Hipotecante
>    suscribe ante mí un pagaré a la orden de
>    WESTERNBANK PUERTO RICO, **pagadero a la**
>    **presentación** […]
>    -------------TITULOS Y CARGAS----------
>
>    -**LA VIGENCIA DE LA HIPOTECA CONSTITUIDA**
>    **MEDIANTE LA PRESENTE ESCRITURA SERA DE TREINTA**
>    **Y CINCO (35) AÑOS** A PARTIR DE LA FECHA DE LA
>    PRESENTACION DE LA COPIA CERTIFICADA DE LA
>    MISMA EN EL REGISTRO DE LA PROPIEDAD
>    CORRESPONDIENTE. (Énfasis suplido)

Escritura Núm. 619

>    ---PRIMERO: En este acto el Deudor Hipotecante
>    suscribe ante mí un pagaré a la orden de
>    WESTERNBANK PUERTO RICO, **pagadero a la**
>    **presentación** […]
>    ------------TITULOS Y CARGAS--------------**LA**
>    **VIGENCIA DE LA HIPOTECA CONSTITUIDA MEDIANTE**
>    **LA PRESENTE ESCRITURA SERA DE TREINTA (30)**
>    **AÑOS** A PARTIR DE LA FECHA DE LA PRESENTACION
>    DE LA COPIA CERTIFICADA DE LA MISMA EN EL
>    REGISTRO DE LA PROPIEDAD CORRESPONDIENTE.
>    (Énfasis suplido)

Insatisfecho, Westernbank presentó una Solicitud de Recalificación para ambas denegatorias. Adujo que no

---

[1]Ambas escrituras son idénticas en su contenido. Estas son la Escritura Núm. 377 de 12 de septiembre de 2002 y Escritura Núm. 619 con fecha de 16 de agosto de 2002.

resulta en una ambigüedad, que impida la inscripción en el Registro, el disponer que el vencimiento del pagare será a la presentación y, al mismo tiempo, expresar que la vigencia de la hipoteca es por un término de treinta (30) o treinta y cinco (35) años en cada caso. Sostuvo que el vencimiento del pagaré se refiere a la exigibilidad del crédito principal, mientras que el plazo de vigencia de la hipoteca existe para efectos de regir los aspectos de la prescripción de la acción hipotecaria correspondiente. Además, expresó que en caso de no extenderse la vigencia de la hipoteca a los mismos treinta (30) o treinta y cinco (35) años, según expresado en las escrituras, se crearía la posibilidad de que los préstamos en cuestión no estuviesen garantizados por la hipoteca durante los últimos años.

No obstante lo anterior, la Registradora sostuvo la calificación original y extendió la correspondiente anotación preventiva de denegatoria. Reiteró su posición en cuanto a que constituye un defecto que impide la inscripción en el Registro el que se establezca en la escritura que el pagaré será pagadero a la presentación y, a su vez, incluir un término específico para la vigencia de la hipoteca. Concluyó que tal proceder era contrario al principio de especificidad contenido en la Ley Hipotecaria y a las disposiciones de la Ley de Transacciones Comerciales. Esta última ley, según alega la Registradora, establece que el pagaré puede ser pagadero a la presentación o en fecha específica, pero nunca ambas cosas.

Inconforme, Westernbank recurre ante este foro mediante dos Recursos Gubernativos en los que solicita revoquemos la denegatoria final emitida por la Registradora. Alega que las cláusulas en controversia no son incompatibles entre sí, ya que nada impide establecer que el vencimiento de la obligación principal será a la presentación y, al mismo tiempo, expresar una vigencia para la hipoteca mayor de veinte (20) años. La Registradora compareció y reiteró sus argumentos.

Por presentar ambos Recursos Gubernativos idéntica controversia de derecho decidimos consolidarlos. Luego de un examen de las escrituras en controversia y del derecho aplicable, confirmamos la calificación final de la Registradora en cuanto deniega la inscripción de las escrituras de hipoteca en controversia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton y la Juez Asociada señora Rodríguez Rodríguez emitieron opiniones de conformidad. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervienen.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Westernbank Puerto Rico

    Recurrente

      v.                                RG-2005-1    Recurso

                                          RG-2005-2    Gubernativo

Hon. Gloriana Ruiz Jiménez
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de Humacao

    Recurrido

Opinión de Conformidad emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 24 de agosto de 2007.

Estamos conformes con la Sentencia de este Tribunal que confirma la calificación final emitida por la Hon. Registradora de la Propiedad de Humacao, la cual denegó la inscripción en el Registro de la Propiedad de las escrituras de hipoteca en controversia. No obstante, consideramos preciso expresarnos de forma particular para hacer constar nuestra posición sobre la controversia que origina el recurso gubernamental presentado.

El caso de autos requiere que determinemos si un documento denominado "Escritura de Hipoteca con Vigencia Extendida" en el cual se busca

garantizar una obligación principal evidenciada en un pagaré vencedero a la presentación y establecer un término de vigencia para la hipoteca mayor de veinte (20) años, violenta las disposiciones de la Ley Hipotecaria, 30 L.P.R.A. 2001 et seq. (en adelante, ley Hipotecaria) En particular, debemos resolver si dicha escritura es inscribible en el Registro de la Propiedad.

I.

A.

La hipoteca se concibe como un "derecho real de realización del valor, en su función de garantía de una obligación pecuniaria, de carácter accesorio e indivisible, de constitución registral, que recae directamente sobre bienes inmuebles, ajenos y enajenables, que permanecen en la posesión del propietario." José María Chico y Ortiz, Estudios sobre Derecho Hipotecario, Tomo III, Edición tercera, pág. 1282 (citando a Roca Sastre). El Código Civil dispone los requisitos esenciales para su constitución, a saber, que (1) **se constituya para asegurar el cumplimiento de una obligación principal**; (2) que la cosa hipotecada pertenezca en propiedad a la persona que la hipoteca; (3) que las personas que constituyan la hipoteca tengan la libre disposición de sus bienes o en caso de no tenerla, se hallen legalmente autorizadas al efecto. Art. 1756, 31 L.P.R.A. § 5001 (énfasis suplido). De igual forma, es requisito indispensable para que una hipoteca quede debidamente constituida el que conste en escritura

pública y se inscriba en el Registro de la Propiedad. Art. 1774, 31 L.P.R.A. § 5042; *Banco Central v. Yauco Homes Inc.*, 135 D.P.R. 858 (1994).

De los requisitos antes esbozados, es preciso enfatizar el carácter accesorio del derecho real de hipoteca. Por su naturaleza como derecho de garantía, la accesoriedad es un requisito esencial e indispensable para su constitución. Así, la hipoteca está subordinada a la obligación principal en su existencia y extinción. *Liechty v. Descartes Saurí*, 109 D.P.R. 496 (1980). Véase, además, Luis Muñoz Morales, Lecciones de Derecho Hipotecario, Tomo II, Edición primera, Pág. 15. Es decir, carece de objeto el contrato de hipoteca cuando no existe obligación principal que garantizar. *Gautier v. Registrador*, 24 D.P.R. 704 (1917). Por tanto, un contrato de hipoteca requiere de la existencia de dos figuras jurídicas, a saber, una obligación principal y la hipoteca en sí, la cual sirve de garantía al acreedor de la primera. *Carreras v. Am. Colonial Bank,* 35 D.P.R. 90 (1926). En palabras del ilustre tratadista Ramón Roca Sastre, **la hipoteca no es un derecho independiente** sino que vive al servicio de un crédito. Ramón Roca Sastre, Derecho Hipotecario, Tomo IV, V.I, Sexta Edición, Pág. 190.

Según lo contempla la propia Ley Hipotecaria[2], la obligación principal o crédito garantizado por la

---

[2]La Ley Hipotecaria contempla normas específicas para los casos de hipotecas en garantía de títulos endosables

hipoteca puede evidenciarse en un título transferible por endoso o al portador[3]. En tales casos, el gravamen hipotecario queda constituido desde que se otorga e inscribe la hipoteca. Desde ese momento, existe un deudor conocido, un acreedor o acreedores genéricos- no importa el nombre sino más bien el carácter de endosatarios o de tenedores-, una obligación determinada y una garantía de la misma. *Secretario de Hacienda v. Tribunal Superior*, 95 D.P.R. 436 (1967). En síntesis, es posible constituir una hipoteca para garantizar títulos transferibles por endoso o al portador siempre que se cumpla con los demás requisitos para su constitución, como el otorgamiento de una escritura pública y la inscripción en el Registro de la Propiedad.

En el caso del derecho real de hipoteca, la inscripción es de naturaleza constitutiva. Art. 1774, 31 L.P.R.A. § 5042. Es decir, si la hipoteca no se inscribe en el Registro, no adviene a la vida jurídica. En armonía con lo anterior, para que un documento tenga acceso al Registro de la propiedad debe cumplir con ciertos principios hipotecarios contemplados en la Ley Hipotecaria. En particular, el principio de especialidad,

---

o al portador. Véase, a modo de ejemplo, el artículo 138, 30 L.P.R.A. 2462; el artículo 195, 30 L.P.R.A. 2614 y el artículo 196, 30 L.P.R.A. 2615.

[3]Estas hipotecas se distinguen de las ordinarias en aspectos como su constitución, cesión y cancelación en el Registro de la Propiedad. Chico y Ortiz, *supra*, a la pág. 1547. No obstante, para efectos de la controversia ante nuestra consideración no es preciso abundar en cuanto a estas diferencias.

que cobra mayor importancia en el caso del derecho real de hipoteca, exige la especificación e individualización de las fincas, los derechos que sobre ellas recaen y los titulares de dichos derechos. Luis Rivera Rivera, <u>Derecho Registral Inmobiliario Puertorriqueño</u>, Segunda Edición, pág. 210. En otras palabras, la especialidad requiere que los documentos que se presenten en el registro sean claros y específicos en cuanto al contenido del derecho, su extensión y su titularidad. *Cabañas v. Registrador*, 8 D.P.R. 73 (1905).

En particular, la Ley Hipotecaria requiere, entre otras cosas, que en la escritura de hipoteca se detallen circunstancias como la descripción del bien, el importe del crédito y la fecha de vencimiento. Luis Rivera Rivera, *supra*, a la pág. 486. En cuanto a las hipotecas en garantía de títulos endosables o al portador, el Artículo 196 de la Ley Hipotecaria refleja con mayor rigor el principio de especialidad al disponer los pormenores que deben constar en este tipo de escrituras. Así, además de las circunstancias propias de la constitución de todo crédito hipotecario, se deben incluir las relativas al "número y valor de los títulos que se emitan, la serie o series a que los mimos correspondan, la fecha o fechas de la emisión, el plazo y forma en que han de ser amortizados y cualquiera otras que sirvan para determinar las condiciones de dichos títulos[…]" 30 L.P.R.A. § 2615.

Así pues, vemos como la vigencia de la hipoteca es uno de las circunstancias que debe constar en cualquier escritura de hipoteca. Su inclusión responde a la necesidad de que los terceros que tengan derechos sobre la propiedad conozcan con exactitud la vida del gravamen hipotecario. Además, la vigencia de la hipoteca va a determinar el momento en que puede cancelarse su asiento. Por todo ello, del Registro de la Propiedad debe surgir de forma clara y precisa la vigencia de la hipoteca. De no ser así, se violenta el principio de especialidad con la consecuencia de que el documento no podrá tener acceso al Registro de la Propiedad.

En cuanto a la vigencia de la hipoteca, cabe señalar que como consecuencia del principio de accesoriedad, ésta no es del todo independiente de la vigencia de la obligación principal. Por el contrario, el carácter accesorio del derecho real de hipoteca influye de una manera decisiva en su nacimiento, vida y desarrollo. Chico y Ortiz, *supra*, pág. 1691. De este modo, la norma general es que la duración de la hipoteca va a ser la misma que la de la obligación principal. Sobre este particular, afirma Puig Brutau que no tiene razón de ser la hipoteca, aisladamente considerada, sino como garantía de un derecho de crédito. *Id.*, a la pág. 1691.

No obstante, reconocemos que existen otros supuestos en los que la hipoteca puede tener una vigencia diferente a la de la obligación principal. Se trata, por ejemplo, de aquellos casos en los que las partes convienen en que

la garantía hipotecaria tenga una vigencia menor a la de la obligación principal que garantiza. No obstante, en virtud del principio de accesoriedad, nunca podrá ser a la inversa. Sobre este particular, resulta pertinente lo expresado por Roca Sastre en cuanto a que estos casos "no se refiere[n] a hipotecas en garantía de obligaciones a término o condición resolutoria, pues [en] éstas, **expirado el plazo o cumplida la condición, el crédito queda extinguido, y, por consecuencia también la hipoteca**; aquí se está ante una hipoteca constituida con una duración predeterminada, o cuya subsistencia se ha hecho depender de un hecho futuro e incierto de efecto resolutorio." Sin embargo, esa no es la situación en el caso ante nuestra consideración.

Ahora bien, para atender debidamente la controversia que nos fue planteada, debemos determinar cuál es la vigencia de un pagaré hipotecario vencedero a la presentación con el fin de determinar si en este caso se violentó el carácter accesorio de la hipoteca y el principio de especialidad. Para ello, debemos examinar las disposiciones de la Ley de Instrumentos Negociables, 19 L.P.R.A. 501 et seq.

                            B.

El Artículo 2-103(a) de la Ley de Instrumentos Negociables dispone que un "instrumento negociable" es una promesa u orden incondicional de pago de una cantidad especifica de dinero, con o sin intereses u otros cargos descritos en la promesa u orden, si el instrumento: (1)

es pagadero al portador o a la orden al momento de su emisión o cuando primero adviene a la posesión un tenedor; (2) es pagadero a la presentación o en una fecha especifica. 19 L.P.R.A. § 504. De la disposición antes transcrita surge la alternativa de constituir un pagaré con fecha de vencimiento a la presentación. A esos fines, el Artículo 2-108 dispone que un pagaré es pagadero a la presentación cuando en el propio documento se indica que es pagadero cuando el tenedor lo exija o cuando no se especifica ninguna fecha de pago.

Cabe aclarar, sin embargo, que aunque el tenedor de un instrumento negociable pagadero a la presentación puede elegir cuándo cobrarlo, ello no significa que pueda esperar eternamente. En atención a esos casos, la propia Ley de Instrumentos Negociables dispone un plazo prescriptivo para exigir su cobro. Miguel R Garay Auban, <u>Derecho Cambiario de Estados Unidos y Puerto Rico</u>, pág. 75. En específico, el Artículo 2-118 dispone que "[i]ndependiente de cualquier disposición en contrario aquí contenida, una acción para exigir el cumplimiento de una obligación, de una parte de pagar un pagaré garantizado por una hipoteca sobre bienes inmuebles, y todo interés devengado por tal obligación, deberá iniciarse dentro del término dispuesto por la sec. 5294 del título 31 para el ejercicio de la acción hipotecaria." 19 L.P.R.A. 518. La sección 5294 antes aludida, establece un plazo prescriptivo de veinte (20) años para la acción hipotecaria.

Así pues, vemos como la Ley de Instrumentos Negociables nos refiere a la sección del Código Civil que regula el término prescriptivo de la acción hipotecaria. En vista de ello, debemos concluir que el crédito evidenciado en un pagaré hipotecario vencedero a la presentación es exigible en cualquier momento, pero nunca en exceso del término de veinte (20) años para el ejercicio de la acción hipotecaria. Por ende, luego de transcurrido el término de veinte (20) años desde el momento de la inscripción de la hipoteca en el Registro de la Propiedad, el tenedor de dicho pagaré no tiene acción para exigir su cumplimiento.

C.

Finalmente, debemos examinar la normativa en relación con la prescripción de la acción hipotecaria toda vez que Westernbank alega que el término de vigencia de la hipoteca señalado en la escritura se refiere al término de la acción hipotecaria y que el mismo puede pactarse en exceso de (20) veinte años. En primer lugar, aclaramos que la prescripción tiene lugar por mandato de ley. *ESJ Towers, Inc. v. Registrador*, 150 D.P.R. 298 (2000); Chico y Ortiz, *supra*, a la pág. 1708. Precisamente, el artículo 1864 del Código Civil dispone que la acción hipotecaria prescribe a los veinte (20) años y el artículo 180 de la Ley Hipotecaria establece que "la acción hipotecaria prescribirá a los veinte (20) años, contados desde que pueda ser ejecutada." 30 L.P.R.A. § 2576. Lo anterior significa que dicho término

de veinte (20) años comienza a transcurrir el día en que vence el crédito **o desde el momento en que es exigible la obligación principal según se consignó en el título.** Ramón Roca Sastre, *supra*, a la pág. 1135, Luís Rivera Rivera, *supra*, a la pág. 509. Conforme lo resuelto anteriormente, un pagaré hipotecario vencedero a la presentación es exigible desde su constitución, y en cualquier momento, pero nunca luego de transcurrido un término ininterrumpido de veinte (20) años desde que se inscribe la hipoteca en el Registro de la Propiedad. Por tanto, el plazo prescriptivo para ejercer la acción hipotecaria, no puede exceder esos veinte (20) años. Lo anterior como consecuencia de que, transcurrido dicho término, operara la prescripción extintiva del crédito hipotecario por ministerio de la ley. *ESJ Towers v. Registrador*, *supra*.

En consonancia con lo anterior, el Artículo 145 de la Ley Hipotecaria establece que los registradores cancelarán las hipotecas que tengan más de veinte (20) años de vencidas o, si no tuvieren término de vencimiento, de constituidas. 30 L.P.R.A. § 2469. En el caso de una hipoteca en garantía de un pagaré vencedero a la presentación, en el que el término prescriptivo del pagaré comenzará a transcurrir desde la constitución de la hipoteca, la misma no puede expresar una vigencia mayor de veinte (20) años. Conforme a ello, la

Registradora podrá cancelar el asiento de hipoteca transcurrido dicho término[4].

## II.

En los dos recursos gubernativos ante nuestra consideración, Westernbank alega que no existe ambigüedad al expresar que el pagaré hipotecario es "pagadero a la presentación" y, por otro lado, disponer una vigencia para la hipoteca mayor de veinte (20) años. Sostiene que la fecha de exigibilidad de la obligación principal representada por el pagaré es independiente y distinta de la duración que tendrá la garantía hipotecaria del cumplimiento de dicho pagaré. Entendemos que no le asiste la razón.

A raíz del carácter accesorio del derecho real de hipoteca no puede argumentarse que ésta es independiente de la obligación principal que garantiza. Por el contrario, **la norma general es a los efectos de que la vigencia de la hipoteca depende de la vigencia de la obligación principal**. Por esa razón, una escritura de hipoteca en garantía de un pagaré vencedero a la presentación no puede expresar, sin violentar el principio de accesoriedad, que la hipoteca tendrá una vigencia superior a veinte (20) años desde su inscripción. Lo anterior como consecuencia de que el pagaré hipotecario vencedero a la presentación no va a

---

[4] La importancia de la cancelación estriba en que aún cuando se haya extinguido la obligación principal y, por consiguiente la garantía hipotecaria fuera del Registro no surtirá efecto frente a terceros hasta su cancelación. Art. 199, 30 L.P.R.A. § 2618.

ser exigible transcurridos (20) veinte años desde la inscripción de la hipoteca en el Registro de la Propiedad.

Del mismo modo, sostenemos que la posición de Westernbank contribuye a crear inexactitud registral cuando la obligación principal evidenciada mediante el pagaré a la presentación no sería exigible transcurrido el término ininterrumpido de veinte (20) años, mientras que el Registro publicaría una hipoteca vigente. No estamos dispuestos a admitir tal resultado. En nuestro sistema registral, los asientos se reputan exactos y concordantes con la realidad jurídica. Luis Rivera Rivera, *supra*, a la pág. 279. Es por ello que al Registro sólo tienen acceso los documentos válidos y perfectos. *Kogan v. Registrador*, 125 D.P.R. 636 (1990); *U.S.I. Properties. Inc. v. Registrador*, 124 D.P.R. 448 (1989). Por tanto, el Registrador, en su facultad calificadora, debe velar siempre por la legalidad de dichos títulos.

En vista de lo anterior, estamos conformes con la Sentencia emitida por este Tribunal toda vez que las escrituras en controversia son contrarias a derecho por ignorar el carácter accesorio del derecho real de hipoteca al establecer una vigencia para una hipoteca en garantía de un pagaré vencedero a la presentación mayor de veinte (20) años.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Westernbank Puerto Rico

    Recurrente

       v.

Hon. Gloriana Ruiz Jiménez
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de
Humacao

    Recurrida

RG-2005-1
RG-2005-2

Opinión de Conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 24 de agosto de 2007

Estoy conforme con la determinación anunciada en la sentencia que hoy se dicta, donde se concluye que las escrituras objeto del presente recurso no son inscribibles en el Registro de la Propiedad. Conforme a las alegaciones de las partes en el caso, entiendo pertinente unas expresiones respecto la diferencia entre el vencimiento y la vigencia de las obligaciones. Por otro lado, estimo que este caso requiere un análisis sobre la legislación aplicable a los pagarés hipotecarios para determinar si las escrituras objeto de la controversia son

inscribibles en el Registro de la Propiedad. Los hechos de este caso se encuentran resumidos adecuadamente en la Sentencia por lo que no habremos de repetir los mismos.

## I.

## A.

Para resolver la controversia ante nuestra consideración, primeramente debemos aclarar la diferencia entre el vencimiento de una obligación y la vigencia de la misma. El vencimiento es la "[t]erminación del plazo establecido legal o convencionalmente para el cumplimiento de una obligación…" M. Osorio, *Diccionario de Ciencias Jurídicas, Políticas y Sociales,* Heliasta, Argentina, 2004, pág. 978. Es la "[f]echa en la que se debe hacer frente al pago de una obligación financiera por **haberse hecho exigible.**" *Diccionario de Contabilidad y Finanzas*, Cultural S.A., Madrid, España, 2003, pág. 272.

Cuando vence una obligación garantizada por una hipoteca y ésta no ha sido pagada, el acreedor puede pedir la ejecución de la hipoteca para satisfacer su crédito. *First Federal Savs. v. Registrador*, 113 D.P.R. 857, 860-861 (1983). Es decir, la hipoteca se considera vencida cuando vence la obligación que garantiza.

Por otro lado, cuando hablamos de vigencia nos referimos al "[p]eriodo durante el cual las leyes, costumbres o contratos están en vigor y desarrollan todos los efectos jurídicos que le son característicos." *Diccionario de Contabilidad y Finanzas, op cit.,* pág. 273.

*Véase además,* Osorio, *op cit.*, pág. 985. De lo anterior se desprende que mientras una obligación o contrato permanezca vigente, tendrá los efectos jurídicos que le son característicos. Así, mientras una obligación tenga efectos jurídicos, la misma está vigente. Por el contrario, cuando una obligación no tenga ningún efecto jurídico, la misma ha perdido su vigencia.

Por lo tanto, mientras un acreedor hipotecario tenga la facultad legal para ejecutar su hipoteca, la misma permanece vigente. Una vez el acreedor pierde todo derecho a ejecutar la misma, ésta ha perdido su vigencia y no tiene efecto jurídico alguno. Precisamente eso es lo que ocurre cuando prescribe la acción hipotecaria, pues el acreedor hipotecario pierde el derecho de ejecutarla. Es ésta la razón por la cual una vez prescribe la acción hipotecaria procede la cancelación del asiento hipotecario en el Registro de la Propiedad, ya que el mismo no tiene ningún efecto. Artículo 145 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2469. *Véase, ESJ Towers v. Registrador*, 150 D.P.R. 298, 307-308 (2000). Mediante la prescripción, la hipoteca pierde su vigencia.

A tenor con lo antes expuesto, el vencimiento de una hipoteca no es lo mismo que su vigencia. Por lo tanto, cuando una escritura de hipoteca establece una fecha de vencimiento y a su vez establece un término de vigencia distinto, no podemos concluir que tiene dos fechas de vencimiento como concluye la Registradora.

**II**

Aclarada la diferencia entre el vencimiento de una obligación y la vigencia de la misma, abordemos la legislación aplicable a los pagarés hipotecarios pagaderos a la presentación. Específicamente, es preciso determinar cuál es el término prescriptivo de un pagaré hipotecario pagadero a la presentación y cuándo comienza a transcurrir dicho término.

**A.**

En un esfuerzo por modernizar nuestra legislación sobre instrumentos negociables se adoptaron en Puerto Rico los preceptos sobre instrumentos negociables que contiene la Sección 3 del Código Uniforme de Comercio mediante la aprobación de la Ley Núm. 208 de 17 de agosto de 1995, conocida como la Ley de Instrumentos Negociables. Exposición de Motivos de la Ley Núm. 208 de 17 de agosto de 1995. Ello no obstante, tal curso de acción suponía insertar en nuestro ordenamiento legal un cuerpo de normas procedentes del Derecho Común cuyos contornos no necesariamente armonizan con figuras del Derecho Civil.

La Ley de Instrumentos Negociables, según enmendada, dispone que un instrumento negociable se denomina pagaré si es una promesa. Sección 2-104 (e) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 504 (e). De igual forma, la ley dispone que una promesa es "un compromiso escrito de pagar dinero suscrito por la persona que se obliga a pagar." Sección 2-103 de la Ley de

Instrumentos Negociables, 19 L.P.R.A. sec. 503 (a) (9). Es decir, al hablar de pagarés nos referimos a una promesa de pago que se hace constar por escrito en un documento suscrito por el deudor.

Existen distintas clases de pagarés. Algunos pagarés contienen una fecha específica de vencimiento. Como ya explicamos, esto significa que el deudor debe pagar su obligación en esa fecha.[5] Sección 2-108 (b) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 508 (b).

Por otra parte, existen los pagarés vencederos o pagaderos a la presentación. Un pagaré es pagadero a la presentación si el mismo "especifica que es pagader[o] a la presentación o de otra forma indica que es pagader[o] cuando el tenedor lo exija, o […] no especifica ninguna fecha de pago". Sección 2-108 (a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 508 (a). Este tipo de instrumento no contiene una fecha cierta de vencimiento, lo que lo convierte en exigible desde el momento de su emisión. Así, el tenedor de un pagaré de este tipo puede exigir el pago de la obligación en cualquier momento desde la emisión del mismo y en ese momento se considerará vencido.[6] M. R. Garay Auban, *Derecho*

---

[5] Existen otros tipos de pagarés con diferentes vencimientos que no se nos hace necesario mencionar para propósitos de esta opinión. *Véase,* M. R. Garay Auban, *Derecho Cambiario de Estados Unidos y Puerto Rico*, Editorial Revista de Derecho Puertorriqueño, Ponce, Puerto Rico, 1999, pág. 72-84; Sección 2-108 (c) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 508 (c).

[6] La Sección 2-105 (a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 505 (a), define la emisión

*Cambiario de Estados Unidos y Puerto Rico*, Editorial Revista de Derecho Puertorriqueño, Ponce, Puerto Rico, 1999, pág. 73.

**B.**

La Ley de Instrumentos Negociables también regula lo referente a la prescripción de los pagarés. La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Galib Frangie v. El Vocero*, 138 D.P.R. 560, 566-567 (1995); *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 750 (1992); *Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943 (1991); *Ortiz Rivera v. Puerto Rico Telephone Company,* res. 10 de agosto de 2004, 162 D.P.R. ___, 2004 T.S.P.R. 133. Dicho de otro modo, **la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia**.

La prescripción es una institución de alto relieve en nuestro sistema de derecho. "[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos a la misma vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra …[y]… [se] elimina la incertidumbre de las relaciones jurídicas." *Umpierre Biascoechea v. Banco Popular de Puerto Rico,* res. 5 de febrero de 2007, 170 D.P.R. ___, 2007 T.S.P.R. 21 (Rodríguez Rodríguez, J., Op.

como "la primera entrega del instrumento hecha por el firmante o librador, bien sea a un tenedor o a un no tenedor, con el propósito de concederle derechos en el instrumento a cualquier persona."

de conformidad). *Véase*, *Ortiz Rivera v. PRTC*, res 10 de agosto de 2004, 162 D.P.R. ___, 2004 T.S.P.R. 133; *Vera v. Dr. Bravo*, res. 27 de febrero de 2004, 161 D.P.R. ___, 2004 T.S.P.R. 30.  *Véase además,* J. Santos Briz, *Tratado de Derecho Civil,* Ed. Bosch, Barcelona, España, 2003, pág. 763; J. Puig Brutau, *Caducidad, prescripción extintiva y usucapión,* 3ra ed., Ed. Bosch, Barcelona, España, 1996, pág. 32; L. Díez Picazo, *La prescripción en el Código Civil,* Ed. Bosch, Barcelona, España, 1984, pág. 93; L. Diez Picazo y Ponce de León, *La prescripción extintiva en el Código Civil y en la Jurisprudencia del Tribunal Supremo*, Thomson-Civistas, Madrid, España, 2003.  "La institución de la prescripción extintiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos." *Agulló v. ASERCO*, 104 D.P.R. 224, 248 (1975); *Colón Prieto v. Géigel*, 115 D.P.R. 232, 243 (1984); *Padín v. Cía. Fom. Ind.*, 150 D.P.R. 403, 410 (2000); *Maldonado v. Russe*, 153 D.P.R. 342, 347 (2001).  Mediante la prescripción de las acciones relacionadas a los derechos reales se le provee certeza al estado de derecho propietario.

La Ley de Instrumentos Negociables establece los términos prescriptivos de las acciones para exigir el cumplimiento de pago de un pagaré.  Generalmente, los términos prescriptivos comienzan a transcurrir desde la fecha de vencimiento del pagaré.  Conforme a ello, la ley establece que "una acción para exigir el cumplimiento de una obligación … de pagar un pagaré que es pagadero en una

fecha específica deberá comenzarse dentro de los tres (3) años siguientes a la fecha … de vencimiento estipulada…". Sección 2-118 (a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 518 (a). En otras palabras, cuando el pagaré establece una fecha de vencimiento, el tenedor del pagaré tendrá tres (3) años para instar una acción para cobrarlo a partir de la fecha de vencimiento. Al transcurrir el término de tres años, la acción estará prescrita y la obligación no será exigible judicialmente.

Asimismo, la acción para exigir el cumplimiento de una obligación evidenciada por un pagaré pagadero a la presentación, deberá comenzarse dentro del término de tres (3) años, contados a partir del requerimiento de pago al deudor. Si no se hace un requerimiento de pago, la acción para exigir el pago de la obligación prescribe si el principal o los intereses no han sido pagados durante un periodo continuo de cinco (5) años. Sección 2-118 de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 518. Con lo cual debemos concluir que el término prescriptivo para instar una acción para exigir el pago de un pagaré vencedero a la presentación será de tres (3) años y comienza a transcurrir una vez se reclama el pago al firmante del pagaré, pues éste es el momento en que se considera vencido. Así también, en los casos en que no medie un requerimiento de pago, el término prescriptivo será de cinco (5) años y comienza a transcurrir en la fecha del último pago de intereses o principal realizado por el

firmante del pagaré. En este caso el término prescriptivo no comienza a transcurrir desde la fecha de vencimiento del pagaré, sino desde la realización del último pago de principal o intereses.

Por otra parte, para atemperar la Ley de Instrumentos Negociables a nuestro Derecho Registral de claro entronque civilista, la Ley de Instrumentos Negociables contiene una disposición específica referente a la prescripción de los pagarés hipotecarios. Memorial Explicativo del P. de la C. 1815 de 8 de junio de 1995, pág. 4. La misma establece que:

> Independientemente de cualquier disposición en contrario aquí contenida, una acción para exigir el cumplimiento de una obligación, de una parte de pagar un pagaré garantizado por una hipoteca sobre bienes inmuebles, y todo interés devengado por tal obligación, deberá iniciarse dentro del término dispuesto por la sección 5492 del Título 31 para el ejercicio de la acción hipotecaria.

Sección 2-118 (h) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 518 (h). El estatuto nos refiere al Artículo 1864 del Código Civil, el cual a su vez establece que "la acción hipotecaria prescribe a los veinte (20) años." 31 L.P.R.A. sec. 5294. De esta forma, la Ley de Instrumentos Negociables establece una prescripción especial para los pagarés que están garantizados por una hipoteca sobre bienes inmuebles, imponiéndoles el mismo término prescriptivo de la acción hipotecaria. Surge claramente del Informe del Senado sobre la medida que las reglas de prescripción establecidas en la Ley de Instrumentos Negociables de 1995, antes discutidas, "no aplican a los

pagarés hipotecarios, [los cuales] continuarán sujetos a lo dispuesto en el Artículo 1864 del Código Civil." Senado de Puerto Rico, *Informe sobre el P. de la C. 1815*, 11 de julio de 1995, pág. 48.[7] En fin, el término prescriptivo de un pagaré hipotecario es veinte (20) años.

### III

Ahora bien, nos resta determinar cuándo comienza a transcurrir el término prescriptivo de un pagaré hipotecario. Como ya advertimos, generalmente los términos prescriptivos comienzan a transcurrir desde la fecha de vencimiento del pagaré. En este sentido el pagaré hipotecario no debe tratarse diferente a los demás tipos de pagarés. Por lo tanto, cuando tenemos un pagaré hipotecario que establece una fecha cierta de vencimiento, el término prescriptivo para instar la acción para exigir su cumplimiento comenzará a transcurrir en esa misma fecha. Lo anterior, es conforme a la Sección 2-118 (h) de la Ley de Instrumentos Negociables, *supra,* pues de igual manera, el término prescriptivo de la acción hipotecaria de una hipoteca con fecha cierta de vencimiento, comenzará a transcurrir en esa fecha. Artículo 145 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2469.

---

[7] Asimismo, en el Informe de la Cámara sobre la medida se establece que "[e]n la sección 2-118 se imponen reglas sobre la prescripción respecto a acciones derivadas bajo este capítulo… [s]e hace una excepción en el caso del pagaré hipotecario donde se establece que el término prescriptivo será el que dispone el Código Civil en su artículo 1864." Comisión Especial de Asuntos Bancarios de la Cámara de Representantes de Puerto Rico, *Informe del P. de la C. 1815,* 6 de junio de 1995, pág. 11.

Sin embargo, cuando nos enfrentamos a un pagaré hipotecario pagadero a la presentación, la situación es diferente. Este tipo de pagaré carece de una fecha específica de vencimiento, pues el mismo se considera vencido en el momento en que el tenedor del pagaré reclama el pago de la obligación. Lo anterior hace imposible que se establezca en la escritura de hipoteca una fecha cierta de vencimiento en la cual comience a transcurrir el término prescriptivo.

La Ley Hipotecaria establece que "[l]a acción hipotecaria prescribe a los veinte (20) años, contados desde que pueda ser ejercitada con arreglo al título inscrito." Artículo 180 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2576. Dicho de otra manera, generalmente el término prescriptivo de la acción hipotecaria comienza a transcurrir desde la fecha de su vencimiento. Conforme con ello, la Ley Hipotecaria establece además que, "[a] petición de parte, …, los registradores cancelarán las hipotecas que tengan más de veinte (20) años de vencidas o, si no tuvieron término de vencimiento, de constituidas…" Artículo 145 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2469. Así, cuando una hipoteca no tiene fecha de vencimiento, la Ley Hipotecaria dispone que el término prescriptivo de veinte (20) años que dicta el Código Civil comienza a transcurrir desde la fecha de inscripción de la hipoteca.[8] *Id*. Una escritura de hipoteca

---

[8] Es importante señalar que uno de los requisitos para la constitución de la hipoteca es la inscripción, es decir, la hipoteca no nace hasta que se inscribe en el Registro de la

que garantiza un pagaré hipotecario vencedero a la presentación, no contiene una fecha cierta de vencimiento. Este es uno de los supuestos en los que el término prescriptivo para ejercitar la acción hipotecaria comienza a transcurrir desde el momento de la inscripción.

Como ya hemos expresado, la Ley de Instrumentos Negociables hace un llamado a la disposición sobre prescripción de la acción hipotecaria contenida en el Código Civil para establecer el término prescriptivo de los pagarés hipotecarios independientemente de las reglas de prescripción que adopta la ley, en aras de mantener uniformidad entre la vigencia de la obligación principal y la garantía hipotecaria. Así, la sección 2-118 (h), *supra*, establece que la acción para exigir el pago de un pagaré hipotecario deberá iniciarse dentro del término dispuesto para el ejercicio de la acción hipotecaria. Dicho de otro modo, el acreedor pierde el derecho de instar la acción si transcurre el término de veinte (20) años dispuesto para el ejercicio de la acción hipotecaria. Por lo tanto, se hace imperativo determinar que el término prescriptivo de un pagaré hipotecario pagadero a la presentación comienza a transcurrir en el mismo momento en que comienza a transcurrir el término prescriptivo de la hipoteca que lo garantiza, o sea, una vez se inscribe la hipoteca en el Registro de la Propiedad. Es decir, un pagaré hipotecario que no contenga una fecha de vencimiento prescribirá y

---

Propiedad. Artículo 1774 del Código Civil, 31 L.P.R.A. sec. 5042.

perderá su vigencia trascurridos veinte (20) años desde que se inscriba la hipoteca que lo garantiza en el Registro de la Propiedad. Al igual que ocurre cuando ni el principal ni los intereses de un pagaré pagadero a la presentación han sido pagados por un periodo continuo de cinco (5) años, este es otro supuesto en el cual el término prescriptivo de un pagaré no comienza a transcurrir en la fecha de su vencimiento.

Anteriormente hemos manifestado que "no es posible admitir un plazo distinto de prescripción del crédito y de la garantía, debe entenderse que los créditos garantizados con hipoteca no prescriben a los quince años, sino a los veinte, aunque en tal supuesto se da la anomalía de que lo accesorio influye sobre lo principal." *ESJ Towers v. Registrador, supra*, pág. 308 (citando a C. Díaz González, *Iniciación a los estudios de Derecho Hipotecario*, t. III, Ed. Revista de Derecho Privado, Madrid, 1967, pág. 307). *Véase además, Altuna v. Ortiz ET AL.,* 12 D.P.R. 332, 344 (1907); *Santini Fertilizar Co. v. Albert E. Lee & Son,* 44 D.P.R. 223, 227 (1932); *Campos v. Cía. Fom. Ind.*, 153 D.P.R. 137, 148-149 (2001). De igual forma, es insostenible para nuestro sistema registral que el término prescriptivo de un pagaré hipotecario vencedero a la presentación comience a transcurrir en el momento en que se hace un requerimiento de pago al deudor, pues su vigencia podría extenderse indefinidamente. Bajo este supuesto, no existiría una fecha cierta que surgiera del Registro de la Propiedad que

permitiera determinar la existencia de la acción hipotecaria, lo que trastocaría el principio de publicidad. Un tercero no podría conocer con exactitud si existe o no un gravamen hipotecario sobre un bien inmueble.

No obstante lo anterior, debemos advertir que en este caso la Ley de Instrumentos Negociables estableció un término prescriptivo para el pagaré hipotecario igual al término prescriptivo de la acción hipotecaria. Por lo tanto, es en virtud de la Ley de Instrumentos Negociables, y no de la legislación referente a la hipoteca, que resolvemos en esta ocasión que el término prescriptivo de un pagaré **hipotecario** vencedero a la presentación es veinte (20) años.[9] Trascurrido dicho término, el pagaré hipotecario pierde su vigencia.

Dada la naturaleza accesoria de la hipoteca, ésta solo puede subsistir por el tiempo en que subsista la obligación principal que garantiza. "La hipoteca se extingue en todo caso que se extinga la obligación garantizada." L. R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, segunda edición, Jurídica Editores, San Juan, Puerto Rico, 2002, pág. 508. Establecido que un pagaré hipotecario vencedero a la presentación prescribe a los veinte (20) años y en ese momento pierde su vigencia, necesariamente la hipoteca que lo garantiza sólo puede tener una vigencia

---

[9] A las hipotecas en garantía de títulos al portador no le aplican rigurosamente los requisitos de las hipotecas regulares inconsistentes con las características de dichos títulos. *Véase, FDIC v. Registrador*, 111 D.P.R. 602, 604-605 y n. 3. (1981).

máxima de veinte (20) años. Una vez transcurrido dicho término, el tenedor del pagaré hipotecario está impedido de instar una acción para cobrar su acreencia y de igual forma, está impedido de ejecutar la hipoteca que garantiza dicho pagaré.

## IV

En el caso ante nuestra consideración, las escrituras de hipoteca establecen que el pagaré hipotecario es pagadero a la presentación. Por otra parte, establecen un término de vigencia de la hipoteca de treinta (30) y treinta y cinco (35) años. El pagaré hipotecario pagadero o vencedero a la presentación tiene un término prescriptivo de veinte (20) años que comienza a transcurrir desde el momento de la inscripción en el Registro de la Propiedad de la escritura de hipoteca que lo garantiza. Transcurrido dicho término, el pagaré prescribe y pierde su vigencia. La hipoteca se extingue una vez se extingue la obligación principal. Por lo tanto, las hipotecas que garanticen este tipo de pagaré se extinguen transcurridos veinte (20) años desde su inscripción, al igual que la obligación que garantizan.

En vista de lo anterior, las escrituras de hipotecas n objeto de esta controversia no contienen dos fechas de vencimiento diferentes como concluyó la Registradora, sino que claramente garantizan obligaciones vencederas a la presentación. Además, las escrituras de hipoteca en cuestión, tendrán una vigencia de veinte (20) años. La cláusula que establece una vigencia mayor de veinte (20)

años no surte efectos reales, pues la hipoteca tendría una vigencia mayor que el pagaré hipotecario que garantiza, esto en contraposición con el carácter accesorio de la hipoteca. Al establecer en las escrituras de hipoteca vigencias incorrectas de treinta y treinta y cinco años, se viola el principio de especialidad, por lo que dichas escrituras no son inscribibles en el Registro de la Propiedad.


Anabelle Rodríguez Rodríguez
Juez Asociada