Cabañas et al. *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 14.   Resuelto en Febrero 20, 1905.

Comunidad de bienes.—Partícipes en la comunidad.—Inscripción ó enagenación de bienes en comunidad.—Inscrita una finca en el Registro de la Propiedad á favor de varias personas, proindivisa y sin expresión de partes determinadas, no puede ninguno de los condueños inscribir á su favor, ni enagenar, una parte determinada y concreta en el valor de dicha finca, sin el concurso y consentimiento de todos los demás condueños.

ID.—Aunque según el Artículo 400 del Código Civil vigente, se presumirán iguales, mientras no se pruebe lo contrario, las porciones correspondientes á los partícipes en la comunidad, este precepto debe entenderse *para los efectos civiles de la comunidad,* cuando no esté determinada la participación de cada uno de los partícipes en la cosa común, *pero no para los efectos de la Ley Hipotecaria,* que es la que rige en cuanto á la forma y efectos de las inscripciones.

ID.—INSCRIPCIONES.—SUS REQUISITOS.—En las inscripciones que se verifiquen en el Registro deberá determinarse con toda claridad la verdadera extensión del derecho que se inscriba, y su valor, si constare del título, y si por éste se transfiriere ó gravare, el dominio ó la posesión de bienes inmuebles ó derechos reales, no podrá ser inscrito ó anotado, á no ser que el derecho de la persona que otorgue, ó en cuyo nombre se haga la trasmisión ó el gravámen, conste previamente inscrito ó anotado en dicho Registro.

ID.—DEFECTO INSUBSANABLE.—La falta de inscripción previa de la finca á favor del que la transfiera ó grave, constituye un defecto insubsanable que impide la inscripción del documento en el Registro de la Propiedad.

## EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto por Da. Crescencia Cabañas y Don Ramón Arandes contra negativa del Registrador de la Propiedad de esta Capital á inscribir diferentes partes indivisas de una finca urbana.

*Resultando* que declarada Da. Crescencia Cabañas heredera abintestato de su hija Da. María Josefa Cristina Villabaso y Cabañas por auto del extinguido Tribunal de Distrito de San Juan de diez de marzo de mil novecientos cuatro, solicitó del Registrador de la Propiedad de esta Capital, por medio del oportuno escrito, se inscribiera á su favor una cuarta parte del valor de la casa número 28 de la calle de San Justo de esta ciudad que decía le correspondía á su citada difunta hija, en condominio proindiviso con sus demás hermanos, le fué denegada la inscripción por el Registrador por los motivos que expresa la nota puesta por el mismo al pié del documento presentado y que copiada á la letra dice así:

"No admitida la inscripción de la cuarta parte de la casa número veinte y ocho de la calle de San Justo de esta ciudad, solicitada en virtud del anterior documento en escrito acompañado, por aparecer inscrita la totalidad de dicha finca á favor de

la causante Da. Josefa Villabaso y de Da. Teresa, Da. Isabel y Don Pedro de iguales apellidos sin determinción de la participación que á cada uno corresponde, no siendo inscribible parte determinada de la finca si no prestan su consentimiento todos los demás condueños y en cumplimiento de la ley sobre recursos contra las resoluciones de los Registradores, se ha extendido anotación preventiva al folio 38 vuelto del tomo noveno de esta ciudad, finca 388, anotación letra A. que tendrá efecto legal durante 120 días de la fecha. San Juan, Puerto Rico, Diciembre 6 de 1904. El Registrador. José Benédicto.''

*Resultando* que no estando conforme con la expresada nota el presentante del escrito, Don Juan Arruza, solicitó se elevase á esta Corte Suprema el expediente para la resolución que correspondiera.

*Resultando* que en este estado el asunto, presentó el mismo Don Juan Arruza, en el Registro de la Propiedad, un testimonio de la escritura otorgada en esta Capital, ante el Notario de la misma Don Julio César González, en doce de Noviembre último, por la que Da. Crescencia Cabañas en unión de sus hijas Doña Teresa y Doña Isabel Villabaso y Cabañas venden á Don Ramón Arandes y Virella las tres cuartas partes que les correspondían proindiviso en la citada casa número 28 de la calle de San Justo de esta ciudad al respecto de una cuarta parte cada una y cuyas participaciones habían adquirido las Doña Teresa y Doña Isabel Villabaso por compra que para ellas y sus hermanos Doña Josefa y Don Pedro había hecho su madre la Da. Crescencia Cabañas, de la totalidad de la finca á Da. Ramona Jaubert en escritura otorgada en esta Capital el primero de Marzo de mil ochocientos setenta y tres, ante el escribano Don Juan Ramón de Torres y constaba inscrita en el Registro de la Propiedad; y la Da. Crescencia en cuanto á la otra cuarta parte, por herencia de su hija Da. María Josefa Cristina, según lo acreditaba con la certificación oportuna, expedida por el Secretario del Tribunal de Distrito, del auto de declara-

toria de herederos que se dictó en su favor, y expresando además en la escritura la Da. Crescencia, que al comprar para sus cuatro hijos entonces menores de edad Doña Teresa, Doña Isabel, Doña Josefa y Don Pedro, por la citada escritura de primero de Marzo de mil ochocientos setenta y tres, lo hizo por iguales partes, ó sea una cuarta parte para cada uno, cuya determinación de condominio la omitió el Notario en dicha escritura, y hacía esta manifestación con el fin de subsanar el defecto de que adolecía la propia escritura y su inscripción en el Registro de la Propiedad; y solicitada por Arruza la inscripción de la expresada escritura en el Registro, le fué denegada también por el Registrador, por los fundamentos expuestos en la nota que obra al calce de la misma, la que transcrita también literalmente dice así:

"No admitida la inscripción del anterior documento por que la finca en el mismo descrita fué inscrita en su totalidad á favor de Doña Teresa, Doña Isabel, Doña Josefa y Don Pedro Villabaso y Cabañas sin determinarse la participación que á cada une correspondía; porque Doña Crescencia Cabañas no tiene inscrita la parte que enagena, pues aunque como heredera de Da. Josefa solicitó la inscripción á su favor de una cuarta parte que dijo interesaba su causante, dicha inscripción fué denegada por no ser inscribible parte determinada de la propia finca si no prestaban su consentimiento los demás condueños, y porque ese defecto existe con respecto á la enagenación que comprende el documento, toda vez que no ha prestado su consentimiento el otro condueño Don Pedro Villabaso, pues si bien la Sra. Cabañas manifiesta que adquirió la finca al respecto de una cuarta parte para cada uno de sus citados hijos, esa manifestación no es eficaz, por cuanto el referido Don Pedro es el único que puede hacer modificación ó alteración en el derecho que tiene inscrito, no siendo la Sra. Cabañas representante actual del mismo, y sí solo una de las condueñas á cuyo arbitrio no puede quedar la determinación de la participación que á aquél corresponda; y en cumplimiento de la ley sobre recursos cóntra las resoluciones de los Registradores se ha extendido anotación preventiva al folio 39 vuelto del tomo 9 de esta ciudad finca 388, anotación letra B. que tendrá

efecto legal durante ciento veinte días de la fecha.—San Juan, Puerto Rico, Diciembre seis de 1904.—El Registrador, José Benedicto."

*Resultando* que no estando conforme con la certificación del Registrador el presentante de la escritura, Sr. Arruza, pidió se elevase también á este Tribunal Supremo para la resolución que procediera, y así lo hizo el Registrador en unión del expediente anterior de Da. Crescencia Cabañas con su informe, en el que expuso extensamente las razones que estimó pertinentes en defensa de su derecho, y compareciendo también por escrito y dentro del término legal ante este Tribunal Supremo el interesado Don Ramón Arandes y Virella, interponiendo, contra la nota del Registrador, el oportuno recurso gubernativo y pidiendo se revocara dicha nota y se ordenara al Registrador la conversión en incripción definitiva de las anotaciones tomadas por virtud de la citada nota denegatoria.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la Opinión del Tribunal.

*Considerando* que estando inscrita la casa número 28 de la calle de San Justo de esta Capital á nombre de los hermanos Doña Teresa, Doña Isabel, Doña Josefa y Don Pedro Villabaso y Cabañas, de la que se trata en el presente recurso gubernativo, proindivisa y sin expresión de partes determinadas, no puede ninguno de los condueños inscribir á su favor ni enagenar una parte determinada y concreta en el valor de dicha finca, sin el concurso y consentimiento de todos los demás condueños, lo que no ha podido tener lugar en el presente caso por la ausencia de uno de los partícipes en la propiedad de la casa de referencia.

*Considerando* que si bien el artículo 393 del antiguo Código Civil que es el 400 del vigente, en su segundo apar-

tado determina que se presumirán iguales, mientras no se pruebe lo contrario, las porciones correspondientes á los partícipes en la comunidad este precepto debe entenderse para los efectos civiles de la comunidad cuando no esté determinada la participación de cada uno de los partícipes en la cosa común, pero no para los efectos de la Ley Hipotecaria que es la que rige en cuanto á la forma y efectos de las inscripciones, según lo preceptúa terminantemente el artículo 608 del mismo Código Civil antiguo y reproduce el 615 del moderno, y cuya ley exige se determine con toda claridad en la inscripción la verdadera extensión del derecho que se inscriba y su valor, si constare del título, y que para inscribir ó anotar los títulos en que se transfiera ó grave el dominio ó la posesión de bienes inmuebles, ó derechos reales, deberá constar previamente inscrito ó anotado el derecho de la persona que otorgue ó en cuyo nombre se haga la trasmisión ó gravamen, debiendo los Registradores denegar la inscripción de dichos títulos mientras no se cumpla aquel requisito, bajo su más estrecha responsabilidad, según lo ordenan respectivamente los artículos 9 y 20 de la misma Ley Hipotecaria.

*Considerando* por tanto que no constando inscritas en el Registro de la Propiedad á favor de Doña Crescencia Cabañas y sus hijas Da. Teresa, Da. Isabel, Da. Josefa y Don Pedro Villabaso y Cabañas las participaciones que venden á Don Ramón Arandes y Virella en el valor de la casa número 28 de la calle de San Justo de esta Capital por la escritura de doce de Noviembre último, adolece ésta de un defecto que impide su inscripción en el Registro de la Propiedad.

Vistos los arts. 9 y 20 de la Ley Hipotecaria y la resolución de la Dirección General de los Registros de diez y ocho de agosto de mil ochocientos noventa y cuatro.

Se confirman las notas puestas por el Registrador de

la Propiedad de esta Capital al pié de los documentos remitidos á este Tribunal Supremo para la resolución del presente recurso gubernativo y devuélvanse al citado Registrador con copia de la presente resolución para su conocimiento y demás efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.