EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Westernbank Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Hon. Gloriana Ruiz Jiménez<br>Registradora de la Propiedad<br>del Estado Libre Asociado de<br>Puerto Rico, sección de Humacao<br><br>Recurrida | Certiorari<br><br>2008 TSPR 146<br><br>175 DPR _____ |

Número del Caso: RG-2005-1
        Cons: RG-2005-2


Fecha: 26 de agosto de 2008


Abogados de la Parte Peticionaria:

        Lcdo. José M. Biaggi Landrón
        Lcdo. Francisco J. Biaggi Landrón


Materia: Recurso Gubernativo


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Westernbank Puerto Rico

    Peticionario

       v.                   RG-2005-1   Recurso
                           RG-2005-2   Gubernativo

Hon. Gloriana Ruiz Jiménez
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de Humacao

    Recurrida

**PER CURIAM**

**(En reconsideración)**

San Juan, Puerto Rico, a 26 de agosto de 2008.

El 24 de agosto de 2007, emitimos una Sentencia en el caso <u>Westernbank de Puerto Rico v. Hon. Gloriana Ruíz Jiménez</u>, 2007 T.S.P.R. 160. Mediante dicha Sentencia, confirmamos la calificación final de la Registradora de la Propiedad de Humacao, Hon. Gloriana Ruíz Jiménez, en cuanto denegó la inscripción de dos escrituras sobre "Hipoteca en Garantía de Pagaré con Vigencia Extendida" por entender que las mismas adolecían de falta de claridad. Oportunamente, Westernbank de Puerto Rico (en adelante, Westernbank) presentó una Moción de

Reconsideración aduciendo que la vigencia extendida de una hipoteca que garantiza un pagaré vencedero a la presentación no contradice las disposiciones de la Ley de Transacciones Comerciales ni las de la Ley Hipotecaria y del Registro de la Propiedad.

A los fines de pautar el derecho aplicable a situaciones como la de autos y con el propósito de darle certeza a las transacciones comerciales, emitimos la presente Opinión en reconsideración.

I

Tal como surge de la Sentencia antes mencionada, Westernbank presentó en el Registro de la Propiedad de Humacao, para la correspondiente inscripción, dos escrituras suscritas a su favor sobre "Hipoteca en Garantía de Pagaré con Vigencia Extendida".[1] Las referidas escrituras garantizan un pagaré vencedero a la presentación y, a su vez, disponen una vigencia para la hipoteca de treinta (30) y treinta y cinco (35) años respectivamente.

La Registradora, ejerciendo su facultad de calificación, se negó a inscribir ambas escrituras por el fundamento de que "adolecían de claridad por tener la hipoteca dos fechas de vencimiento".[2] En específico, sostuvo

---

[1] Ambas escrituras son idénticas en su contenido. Estas son la Escritura Núm. 377 de 12 de septiembre de 2002 y la Escritura Núm. 619 con fecha de 16 de agosto de 2002.

[2] A continuación, transcribimos las cláusulas en controversia:

Escritura Núm. 377

que constituye un defecto que impide la inscripción en el Registro el que se establezca en la escritura que el pagaré será pagadero a la presentación y, a su vez, incluir un término específico para la vigencia de la hipoteca. Concluyó que tal proceder era contrario al principio de especialidad contenido en la Ley Hipotecaria y a las disposiciones de la Ley de Transacciones Comerciales. Esta última ley, según alegó la Registradora, establece que el pagaré puede ser pagadero a la presentación o en fecha específica, pero nunca ambas cosas.

Luego de los trámites de rigor y toda vez que la Registradora sostuvo su calificación original, Westernbank recurrió ante este foro mediante dos Recursos Gubernativos. Solicitó que revocáramos la denegatoria final emitida por la Registradora y ordenáramos la inscripción de las

---

---PRIMERO: En este acto el deudor Hipotecante suscribe ante mí un pagaré a la orden de WESTERNBANK PUERTO RICO, **pagadero a la presentación** […]
------------TITULOS Y CARGAS--------------
-**LA VIGENCIA DE LA HIPOTECA CONSTITUIDA MEDIANTE LA PRESENTE ESCRITURA SERA DE TREINTA Y CINCO (35) AÑOS** A PARTIR DE LA FECHA DE LA PRESENTACION DE LA COPIA CERTIFICADA DE LA MISMA EN EL REGISTRO DE LA PROPIEDAD CORRESPONDIENTE. (Énfasis suplido)

Escritura Núm. 619

---PRIMERO: En este acto el Deudor Hipotecante suscribe ante mí un pagaré a la orden de WESTERNBANK PUERTO RICO, **pagadero a la presentación** […]
-----------TITULOS Y CARGAS-----------------
**LA VIGENCIA DE LA HIPOTECA CONSTITUIDA MEDIANTE LA PRESENTE ESCRITURA SERA DE TREINTA (30) AÑOS** A PARTIR DE LA FECHA DE LA PRESENTACION DE LA COPIA CERTIFICADA DE LA MISMA EN EL REGISTRO DE LA PROPIEDAD CORRESPONDIENTE. (Énfasis suplido)

escrituras en controversia toda vez que no resulta en una ambigüedad, que impida la inscripción, el disponer que el vencimiento del pagare será a la presentación y, al mismo tiempo, expresar que la vigencia de la hipoteca es por un término de treinta (30) o treinta y cinco (35) años. Sostuvo que el vencimiento del pagaré se refiere a la exigibilidad del crédito principal, mientras que el plazo de vigencia de la hipoteca existe para efectos de regir los aspectos de la prescripción de la acción hipotecaria correspondiente.

El 24 de agosto de 2007, mediante Sentencia, confirmamos la calificación final de la Registradora de la Propiedad de denegar la inscripción de las escrituras en controversia. Oportunamente, Westerbank solicitó la reconsideración de dicho dictamen.

Examinada la solicitud, decidimos reconsiderar con el fin de pautar la norma aplicable a situaciones como la que nos ocupa. En particular, debemos resolver si una escritura de hipoteca que garantiza una obligación principal evidenciada en un pagaré vencedero a la presentación y, a su vez, establece un término de vigencia para la hipoteca de treinta (30) o treinta y cinco (35) años es inscribible en el Registro de la Propiedad.

II

De entrada, debemos examinar los rasgos principales del derecho real de hipoteca y, muy particularmente, su

naturaleza accesoria, fruto de su condición como derecho de garantía.

La hipoteca se concibe como un "derecho real de realización del valor, en su función de garantía de una obligación pecuniaria, de carácter accesorio e indivisible, de constitución registral, que recae directamente sobre bienes inmuebles, ajenos y enajenables, que permanecen en la posesión del propietario." José María Chico y Ortiz, <u>Estudios sobre Derecho Hipotecario</u>, Tomo III, Edición tercera, pág. 1282 (citando a Roca Sastre).

El Código Civil dispone los requisitos esenciales para su constitución, a saber, que (1) se constituya para asegurar el cumplimiento de una obligación principal; (2) que la cosa hipotecada pertenezca en propiedad a la persona que la hipoteca; (3) que las personas que constituyan la hipoteca tengan la libre disposición de sus bienes o, en caso de no tenerla, se hallen legalmente autorizadas al efecto. Art. 1756 del Código Civil, 31 L.P.R.A. § 5001. De igual forma, es requisito indispensable para que una hipoteca quede debidamente constituida el que conste en escritura pública y se inscriba en el Registro de la Propiedad. Art. 1774 del Código Civil, 31 L.P.R.A. § 5042; <u>Banco Central v. Yauco Homes Inc.,</u> 135 D.P.R. 858 (1994).

Dada la naturaleza accesoria del derecho real de hipoteca, la vigencia de ésta no es independiente de la

vigencia de la obligación principal.[3] La hipoteca está subordinada a la obligación principal en su existencia y extinción. Liechty v. Descartes Saurí, 109 D.P.R. 496 (1980). Véase, además, Luis Muñoz Morales, Lecciones de Derecho Hipotecario, Tomo II, Edición primera, Pág. 15. Ello significa que la hipoteca subsiste efectivamente mientras tenga vida el crédito garantizado. Por tanto, la hipoteca se extingue en todo caso que se extinga la obligación garantizada por ésta. Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, Segunda Edición revisada, pág. 508.

Ciertamente, la prescripción es una de las maneras mediante las cuales la obligación principal pierde su vigencia.[4] En vista de ello, y dado que la vigencia de la hipoteca depende de la vigencia de la obligación principal, resulta evidente que la hipoteca se extingue por la prescripción o inacción del titular del crédito hipotecario en el tiempo determinado por ley. Id.

Por tanto, la doctrina entiende que es imposible la subsistencia de la acción hipotecaria una vez prescrita la

---

[3] Nos referimos a la vigencia como "el periodo durante el cual las leyes, costumbres o contratos están en vigor y desarrollan todos los efectos jurídicos que le son característicos. Diccionario de Contabilidad y Finanzas, pág. 273.

[4] La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. Galib Frangie v. El Vocero, 138 D.P.R. 560, 566 (1995). Entre otras cosas, tiene como propósito eliminar la incertidumbre en las relaciones jurídicas. Además, opera por mandato de ley. ESJ Towers, Inc. v. Registrador, 150 D.P.R. 298 (2000).

acción personal, toda vez que un acreedor hipotecario conserva la facultad legal para ejecutar su hipoteca siempre que el crédito garantizado siga vigente. A tono con ello, hemos manifestado que "no es posible admitir un plazo distinto de prescripción del crédito y de la garantía." ESJ Towers, Inc. v. Registrador, *supra*.

En vista de lo anterior, y dado que Westernbank aduce que es posible pactar una vigencia extendida para una hipoteca que garantiza un pagaré vencedero a la presentación, debemos determinar cuál es el término prescriptivo de un pagaré hipotecario de ese tipo y cuándo comienza a transcurrir dicho término.

III

A

La Ley Núm. 208 de 17 de agosto de 1995, mejor conocida como la Ley de Instrumentos Negociables, 19 L.P.R.A. 501 *et seq.*, promulgó con el fin de modernizar nuestra legislación sobre instrumentos negociables y proveer celeridad en el tráfico comercial. Exposición de Motivos, Ley Num. 208 de agosto de 1995.

El Artículo 2-103(a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. 504, define un "instrumento negociable" como una promesa u orden incondicional de pago de una cantidad específica de dinero si (1) es pagadero al portador o a la orden o (2) si es pagadero a la presentación o en una fecha específica. A su vez, ese mismo articulado establece que un instrumento es un pagaré

si "es una promesa y es un giro si es una orden." Id.
Finalmente, una promesa significa "un compromiso escrito de
pagar dinero suscrito por la persona que se obliga a
pagar." 19 L.P.R.A. sec. 503.

Ahora bien, la Ley de Instrumentos Negociables
contempla distintos tipos de pagarés dependiendo del
momento en que resultan exigibles. En lo pertinente al
caso de autos, el Artículo 2-108 define los pagarés
vencederos a la presentación y los pagarés pagaderos en
fecha específica. 19 L.P.R.A. § 508. Un pagaré es pagadero
a la presentación cuando en el propio documento se indica
que "es pagadero cuando el tenedor lo exija o cuando no se
especifica ninguna fecha de pago." 19 L.P.R.A. sec. 508
(a). Así, los pagarés "pagaderos a la presentación" no
especifican una fecha determinada de pago o, dicho de otra
forma, no contienen una fecha cierta de vencimiento. Por
tanto, se consideran vencidos en el momento en que su
tenedor exige el pago de la obligación.

Ahora bien, la propia Ley de Instrumentos Negociables
dispone un plazo prescriptivo para exigir el pago de los
pagarés vencederos a la presentación. Al respecto, el
Artículo 2-118 dispone que una acción para exigir el
cumplimiento de un pagaré pagadero a la presentación debe
comenzarse dentro del término de tres (3) años, contados a
partir del requerimiento de pago al deudor. En los casos
en que no se hace requerimiento de pago, la correspondiente
acción prescribe si el principal o los intereses no han

sido pagados durante un período continuo de cinco (5) años. 19 L.P.R.A. sec. 518.

En cuanto al término prescriptivo de los pagarés <u>hipotecarios</u> vencederos a la presentación, el Artículo 2-118 dispone que "[i]ndependiente de cualquier disposición en contrario aquí contenida, una acción para exigir el cumplimiento de una obligación de una parte de pagar un pagaré garantizado por una hipoteca sobre bienes inmuebles, y todo interés devengado por tal obligación, deberá iniciarse dentro del término dispuesto por la sec. 5294 del título 31 para el ejercicio de la acción hipotecaria." 19 L.P.R.A. 518.

La sección 5294 antes aludida, establece el plazo prescriptivo de veinte (20) años para la acción hipotecaria. En aras de mantener la armonía en nuestro ordenamiento y tomando en consideración el carácter accesorio del derecho real de hipoteca, la Ley de Instrumentos Negociables dispuso que el crédito evidenciado en un pagaré hipotecario vencedero a la presentación es exigible en cualquier momento, pero nunca en exceso del término de veinte (20) años para el ejercicio de la acción hipotecaria.

Aclarado el término prescriptivo de un pagaré garantizado por hipoteca vencedero a la presentación, es necesario determinar el momento en el cual comienza a transcurrir el referido término. Dicha necesidad se

acentúa particularmente ante el silencio que guarda al respecto la Ley de Instrumentos Negociables, *supra*.

B

Como mencionamos antes, en el caso particular de los pagarés hipotecarios vencederos a la presentación, el término prescriptivo para exigir su cumplimiento es el de la acción hipotecaria. Por tanto, debemos examinar la normativa aplicable a dicha acción.

El Artículo 180 de la Ley Hipotecaria establece que "la acción hipotecaria prescribirá a los veinte (20) años, contados **desde que pueda ser ejercitada con arreglo al título inscrito**." 30 L.P.R.A. § 2576. Así, el día en que pueda ejercitarse la acción hipotecaria se refiere al "momento del vencimiento del crédito según se consignó en el título." Luis Rafael Rivera Rivera, *supra*.

Ahora bien, un pagaré vencedero a la presentación no tiene fecha cierta de vencimiento. No obstante, el Artículo 145 de la Ley Hipotecaria y del Registro de la Propiedad, que regula la cancelación de la <u>hipoteca prescrita</u>, establece que los registradores cancelarán las hipotecas que tengan más de veinte (20) años de vencidas, **o si no tuvieran término de vencimiento, de constituidas**. 30 L.P.R.A. sec. 2469. Dicha normativa responde al hecho de que la hipoteca sin término de vencimiento pierde vigencia por prescripción luego de transcurridos veinte (20) años desde su constitución.

Por tanto, resulta evidente que el plazo prescriptivo de la acción hipotecaria para las hipotecas sin término de vencimiento comienza a transcurrir desde la constitución de la hipoteca; o sea, desde su inscripción en el Registro de la Propiedad.  Sin duda, ello es cónsono con la norma que, en virtud del principio de especialidad, requiere que los documentos que se presenten en el Registro de la Propiedad sean claros y específicos en cuanto al contenido del derecho, **su extensión** y titularidad. Véase Cabañas v. Registrador, 8 D.P.R. 73 (1905).  De esa forma, se evita cualquier género de incertidumbre en las constancias del Registro.

Conforme a lo anterior, y toda vez que la Ley de Instrumentos Negociables, *supra*, dispone que el término prescriptivo de los pagarés hipotecarios vencederos a la presentación debe iniciarse dentro del término dispuesto para la acción hipotecaria, es ineludible concluir que dicho término comienza a transcurrir desde la inscripción de la hipoteca.  Por consiguiente, un pagaré hipotecario vencedero a la presentación pierde su vigencia por efecto de la prescripción luego de transcurrido un término ininterrumpido de veinte (20) años desde que se inscribe la hipoteca en el Registro de la Propiedad.  En vista de ello, la hipoteca no puede expresar una vigencia mayor de veinte (20) años ya que la obligación garantizada no va a ser exigible transcurrido dicho término.

En el caso de autos, precisamente, las escrituras de hipoteca en controversia poseen un término de vigencia superior al término prescriptivo de veinte (20) años del pagaré hipotecario. Por tanto, una vez transcurrido dicho término, las mismas anunciarían la existencia de una hipoteca que garantiza una obligación principal que se habrá extinguido. En consecuencia, y de conformidad con la norma esbozada, las referidas escrituras poseen un defecto que, de ordinario, impide su inscripción en el Registro de la Propiedad.

Ahora bien, dada la ausencia de una norma clara sobre el particular y, sobre todo, en vista del impacto que puede tener la norma aquí adoptada en el tráfico comercial, resolvemos que la misma tendrá efecto prospectivo. Nótese que, al hacer una determinación a esos fines, tomamos en consideración factores tales como: (1) el propósito que persigue la nueva regla a los fines de determinar si su retroactividad lo adelanta; (2) la confianza que se depositó en la antigua norma y (3) el efecto de la nueva regla en la administración de la justicia. Pueblo v. Báez Cintrón, 102 D.P.R. 30 (1974); Pueblo v. Cruz Jiménez, 99 D.P.R. 565 (1971).

Un análisis de dichos criterios a la luz de las circunstancias de este caso, nos convence de que la aplicación prospectiva de la norma aquí adoptada garantizaría la validez de las transacciones comerciales que fueron realizadas en ausencia de una expresión clara de

este Tribunal en cuanto a la controversia que nos ocupa. En vista de ello, concluimos que dicha norma no aplicará a las escrituras de hipoteca que fueron inscritas en el Registro de la Propiedad. Tampoco aplica a las escrituras de hipoteca que hayan sido presentadas y que aún se encuentren pendientes de calificación. No obstante, el presente caso aplica a las escrituras presentadas a las que se les haya notificado defecto por violentar la norma aquí establecida sin que se haya cuestionado el mismo mediante un recurso gubernativo.

## IV

Por los fundamentos expuestos, se reconsidera la Sentencia emitida por este Tribunal el 24 de agosto de 2007. En su lugar, y en vista del carácter prospectivo de la norma aquí establecida, ordenamos la inscripción de las escrituras en controversia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Westernbank Puerto Rico

    Peticionario

        v.

Hon. Gloriana Ruiz Jiménez
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de Humacao

    Recurrida

| | |
|---|---|
| RG-2005-1 | Recurso |
| RG-2005-2 | Gubernativo |

**SENTENCIA**

**(En reconsideración)**

San Juan, Puerto Rico, a 26 de agosto de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se reconsidera la Sentencia de este Tribunal de 24 de agosto de 2007. En su lugar, y en vista del carácter prospectivo de la norma aquí establecida, ordenamos la inscripción de las escrituras en controversia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo